**Robert Lee GEORGE, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Oct. 3, 1969.

Edward H. Johnstone, Johnstone & Eldred, Princeton, for appellant.

John B. Breckinridge, Atty. Gen., Joseph L. Famularo, Asst. Atty. Gen., Frankfort, for appellee.

EDWARD P. HILL, Jr., Chief Justice.

In his efforts to reverse his conviction for armed robbery (KRS 433.140) under which he was sentenced to serve ten years in prison, appellant assigns the two following errors in his "Table of Contents and Authorities"; (1) The court erred "in allowing hearsay evidence relative to the conversation between the chief prosecution witness and third party not in the presence of the accused"; and (2) the court erred "in refusing to grant a new trial on the ground of newly discovered evidence wherein a photograph properly requested on motion for discovery was suppressed by the Commonwealth until its introduction by the Commonwealth during the trial of the case."

On April 5, 1967, near the cover of night while Cardin Woodall, then 73 years of age, was alone in his home playing solitaire and his son Dick Woodall was away at work, a small, unmasked man unknown to Woodall appeared in Woodall's home and held Woodall at gunpoint and said, "Don't move or don't holler. If you do you've had it." He announced to his companions in crime, "It's OK * * * come on." A second unmasked man, who was much larger, entered the room in plain view of Woodall and proceeded to tie and blindfold Woodall. A third man next appeared, and the three proceeded to take two trunks containing coin collections belonging to Cardin Woodall and Dick Woodall valued "from $12,000 to $15,000," $568 in paper money from the person of Cardin Woodall, four guns, an old clock, and other small items.

On the trial of appellant Robert Lee George, the victim of the crime, Cardin Woodall, testified that appellant "came rushing in and grabbed me with his left hand around my throat and said: 'Pop cross your hands behind you and don't give us any trouble, we're from California and we have got to have some money.' " He was positive in his identification of appellant as the second man to enter his home and rob him. Cardin Woodall had known Robert Lee George for 24 years, in fact since George was a small boy. Appellant was raised on a farm just back of Mr. Woodall's farm. The road to the farms of George's father and grandfather passed by Mr. Woodall's residence, and he saw the young Robert Lee during his growing years as he passed the Woodall place. During the previous summer Mr. Woodall had played cards (nine high) with appellant and other members of the George family. Of course Woodall was familiar with the size and height of George and the sound of his voice. Mr. Woodall stated he "recognized the voice right away—right straight" to be that of "Bobby George."

■ Appellant's first argument relates to "hearsay" evidence between Mr. Woodall and a third party (David Riley). Mr. Woodall testified he knew David Riley well; that Riley was a first cousin of appellant and resided in Evansville, Indiana, the home of appellant; that Riley knew of the coin collection from numerous conversations and dealings between the Woodalls and Riley. Nowhere did Mr. Woodall relate any statement made by Riley. At most this testimony may have created a slight inference that if Riley knew of Woodall's collection, so did his cousin and townsman Robert Lee George. But with the positive identification of appellant by Mr. Woodall the inference as to Riley's knowledge, if it may be dignified as an inference, was merely cumulative. We do not think this evidence incompetent or prejudicial.

■ In presenting his second argument concerning his claimed right to a new trial on the ground of newly discovered evidence, appellant argues a number of questions. He contends he was prejudiced by the introduction of the photograph of one Danny Brown coupled with the testimony of Mr. Woodall that the photograph is that of the small man who first entered his

home and held him at gunpoint during the robbery. This argument cannot be accepted for the simple reason appellant did not object to the introduction of the photograph. He did object to some writing on the back of the photograph. His objection was sustained, and the court admonished the jury relative thereto.

Appellant also complains that the photograph should not have been admitted because the prosecution did not produce the photograph when appellant made a discovery motion for "all tangible objects now in possession of or control of the Commonwealth, including a coin collection and cameras which were allegedly involved in connection with the offense charged."

We consider it doubtful that either the appellant or the Commonwealth ever contemplated a photograph of an alleged accomplice in considering appellant's discovery motion. In any event appellant waived any irregularity in regard to his discovery motion by failure to properly object to the introduction of the photograph.

Finally appellant says that the introduction of Brown's photograph and his identification as one of appellant's accomplices, without previous knowledge on the part of appellant that the Commonwealth intended to do so, took him by surprise and that had he known of the maneuver he would and could have produced Brown to testify in contradiction of this evidence. It should be noted that other evidence showed that Brown was a partner of appellant in a tavern venture in Evansville, Indiana, where they both resided. If it be assumed that the Commonwealth should have made Brown's photograph available to appellant, a question on which we shall at this point say neither "yea" nor "nay," the fact remains that appellant neither objected to the introduction of the photograph nor moved for a continuance.

The judgment is affirmed.

All concur.